# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1489V
Filed: September 11, 2018
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ELMER J. GEORGE, Executor of the Estate of JAMES C. MCMURTRY, Deceased,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Damages decision based on proffer; Influenza vaccine; Table Guillain-Barré syndrome ("GBS") |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Joseph H. Mattingly, III</u>, Lebanon, KY, for petitioner.
<u>Colleen C. Hartley</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On October 10, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on September 18, 2009 caused Mr. James C. McMurtry a Table Guillain-Barré syndrome ("GBS"). Pet. at ¶¶ 2 5. Petitioner claims that Mr. McMurtry succumbed to complications arising from GBS. Pet. Preamble. Mr. McMurtry died on November 25, 2009.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August 30, 2018, respondent filed a Rule 4(c) Report stating "petitioner has satisfied all legal prerequisites for compensation under the Act" and "this case is appropriate for compensation under the terms of the Act."  Resp't's Rep. at 2, 5.

On the same day, the undersigned issued a Ruling on Entitlement in petitioner's favor.

On September 10, 2018, respondent filed Respondent's Proffer on Award of Compensation.  The undersigned finds the terms of the proffer to be reasonable.  Based on the records as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$465,000.00**, consisting of pain and suffering ($215,000.00) and the statutory death benefit ($250,000.00), representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  The award shall be in the form of a check for **$465,000.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 11, 2018                                                          s/ Laura D. Millman
                                                                                                                    Laura D. Millman
                                                                                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| ELMER J. GEORGE, Executor of the Estate of James C. McMurtry, deceased, | ) ) ) ) | |
| Petitioner, | ) ) | No. 17-1489V |
| v. | ) ) | Special Master Millman ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 10, 2017, Elmer J. George, Executor of the Estate of James C. McMurtry, deceased ("petitioner"), filed a petition for vaccine injury compensation alleging that Mr. McMurtry suffered Guillain-Barre Syndrome ("GBS") and death. On August 30, 2018, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. The same day, Special Master Millman issued a Ruling on Entitlement, incorporating respondent's concession. The case is now in damages.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $465,000.00, consisting of pain and suffering ($215,000.00) and the statutory death benefit ($250,000.00), which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

## II.     Form of the Award

The parties recommend that the compensation be provided to petitioner through a lump sum payment of $465,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of James C. McMurtry, deceased.[1]  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Colleen C. Hartley
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3644
Fax:    (202) 353-2988

DATED:  September 10, 2018

---

[1] Elmer J. George, Executor of the Estate of James C. McMurtry, deceased has demonstrated that he is the legal representative of Mr. McMurtry's Estate for the purposes of 42 U.S.C. § 300aa-11(b)(1)(A). *See* Petitioner's Exhibit 4 at 5-6.