# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1489V
Filed: May 6, 2019
Not to be Published

*************************************
ELMER J. GEORGE, Executor of the     *
Estate of JAMES C. McMURTRY,         *
Deceased,                            *
                                     *
             Petitioner,             *         Attorneys' fees and costs decision;
                                     *         reasonable attorneys' fees and
      v.                             *         costs; local hourly rate; Davis
                                     *         County exception
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
             Respondent.             *
                                     *
*************************************

Joseph H. Mattingly, III, Lebanon, KY, for petitioner.
Colleen C. Hartley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 10, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that the influenza ("flu") vaccine administered on September 18, 2009 caused Mr. James C. McMurtry a Table Guillain-Barré syndrome ("GBS").

On August 30, 2018, respondent filed a Rule 4(c) Report stating that compensation is appropriate for this case. On the same day, the undersigned issued a Ruling on Entitlement.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On September 10, 2018, respondent filed a proffer on award.  On September 11, 2018, the undersigned issued a decision awarding compensation in the amount of and on the terms set forth in the proffer.  On the same day, the parties filed a joint notice not to seek review.  On September 12, 2018, judgment entered.

On February 19, 2019, petitioner filed an application for attorneys' fees and costs, requesting $36,420.54 in attorneys' fees and $450.00 in attorneys' costs, for a total request of $36,870.54.  In accordance with General Order #9, petitioner's counsel represented that petitioner did not incur any personal expenses in pursuit of this claim.  Petitioner's counselor stated that, although the entirety of work was performed in Lebanon, Kentucky, forum rates should be granted because Lebanon "sits within the geographic confines served by the United States District Court for the Western District of Kentucky, where the local rate is not significantly lower than the forum rate.  Doc 30, at 2-3.  Petitioner's counselor requested attorneys' hourly rates based on taking the 50th percentile value of the Office of Special Masters Attorneys' Forum Hourly Rates Fee Schedule and adjusted the rates using the PPI-OL index for the years of work preceding 2015.  Id. at 3.

On February 20, 2019, respondent filed a response to petitioner's motion.  Doc 31.  Respondent stated that, to the extent petitioner's motion requires a response from respondent since neither the Vaccine Act nor Vaccine Rule 13 explicitly requires respondent to file a response, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 1-2.  Respondent respectfully requested that the undersigned exercise her discretion to determine a reasonable award for attorneys' fees and costs.  Id. at 3.

Petitioner did not file a reply.  This matter is now ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Avera v. Sec'y of HHS, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F.3d at 1349).  For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  See McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  In Avera, the Federal Circuit found that in Vaccine Act cases, a court should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees.  Avera, 515 F.3d at 1349.  At the same time, the court adopted the Davis County exception to prevent

windfalls to attorneys who work in less expensive legal markets.  Id. (citing Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755 (D.C. Cir. 1999)).  In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates.  Id. (finding the market rate in Washington, D.C. to be significantly higher than the market rate in Cheyenne, Wyoming).

Petitioner requests the following rates:

| Year | Years of Experience | Requested Hourly Rate |
|---|---|---|
| 2010 | 24 | $318.62 |
| 2011 | 25 | $331.44 |
| 2014 | 28 | $360.89 |
| 2015 | 29 | $382.50 |
| 2016 | 30 | $382.50 |
| 2017 | 31 | $417.00 |
| 2018 | 32 | $431.00 |
| 2019 | 33 | $431.00 |

"When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate."  Dougherty v. Sec'y of HHS, No. 05-700V, 2011 WL 5357816, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) (citing Rubert ex rel. Rupert v. Sec'y of HHS, 52 Fed. Cl. 684, 688-89 (2002)).  Petitioner's counsel, Mr. Mattingly, did not provide evidence, aside from his affirmation, that there is not a very significant difference between the forum hourly rates and the local hourly rates.  This is the only case Mr. Mattingly has with the Vaccine Program and there are only a couple of attorneys from Kentucky who have worked on cases in the history of the Vaccine Program.  To that end, the undersigned finds it helpful to consider some statistical data.  Lebanon, KY is part of Marion County and has a population of about 6,000 people.  A cost of living calculator shows that living in Lebanon is 54.1% cheaper than living in Washington, D.C.[2]  According to the Occupational Employment Statistics from the U.S. Bureau of Labor Statistics, for lawyers in 2018 in Washington, D.C., the hourly mean wage is $92.56 and the annual mean wage is $192,530.[3]  For lawyers in 2018 in South Central Kentucky Nonmetropolitan, which Marion County is a part of, the hourly mean wage is $33.58 and the annual mean wage is $69,850.[4]  In reviewing these statistics, the undersigned finds clearly a very significant difference between the local and forum markets.  Here, the Davis County exception applies because the entirety of work was completed outside of Washington, D.C. and in a very significantly less expensive legal market. Therefore, the calculation for an

---

[2] BEST PLACES, 2019 Cost of Living Calculator: Washington, District of Columbia vs Lebanon, Kentucky, https://www.bestplaces.net/cost-of-living/washington-dc-lebanon-ky/50000 (last visited May 3, 2019).
[3] UNITED STATES DEP'T OF LABOR BUREAU OF LABOR STATISTICS, Occupational Employment Statistics, https://www.bls.gov/oes/CURRENT/oes_dc.htm#23-0000 (last visited May 3, 2019).
[4] UNITED STATES DEP'T OF LABOR BUREAU OF LABOR STATISTICS, Occupational Employment Statistics, https://www.bls.gov/oes/CURRENT/oes_2100002.htm#23-0000 (last visited May 3, 2019).

award for attorneys' fees will be based on local hourly rates instead of the requested forum rates.

In determining the reasonable attorneys' local hourly rate, it is helpful to look at what the Office of Special Masters has awarded attorneys with comparable skill and experience who have also provided services from Kentucky.   In Patrick, the undersigned awarded two attorneys from Glasgow, Kentucky, who had 22 and 35 years of experience, an hourly rate of $250 for work completed from 2014 to 2016.   Patrick v. Sec'y of HHS, No. 15-1181V, 2016 WL 4608172 (Fed. Cl. Spec. Mstr. Aug. 9, 2016) (petitioner's counsel requested an hourly rate of $250 based on a fee agreement and affirmed that $250 was the reasonable rate in the prevailing forum).   In Jones, Special Master Gowen awarded an attorney with 33 years of experience from Covington, Kentucky, an hourly rate of $385 for work completed from 2013 to 2016, reasoning that forum rates apply because Covington is geographically close to Cincinnati, Ohio, a city where forum rates are awarded.   Jones v. Sec'y of HHS, No. 13-729, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016).

It is also appropriate to look at the hourly rates the United States District Court for the Western District of Kentucky has awarded attorneys in cases concerning fee-shifting statutes. In American Civil Liberties Union of Kentucky, the court awarded the attorney with 31 years of litigation experience an hourly rate of $300 and the attorney with over eight years of experience an hourly rate of $180 for work performed starting from 2001.   ACLU of Kentucky, Inc. v. Grayson Cnty., Kentucky, No. 4:01CV-202-M, 2008 WL 510672 (W.D. Ky. Nov. 26, 2008).   In Bench Billboard, the court set an hourly rate of $305 for an attorney with 36 years of experience and $275 for an attorney with 27 years of experience.   Bench Billboard Co. v. Louisville-Jefferson Cnty. Metro Gov't, No. 3:05-CV-172, WL 2809920 (W.D. Ky. Sept. 26, 2007).   In Marshall, the court awarded an attorney with more than 30 years of experience an hourly rate of $350, an attorney with over 18 years of experience an hourly rate of $325, and an attorney with more than 10 years of experience an hourly rate of $300 for work completed from 2014 to 2018. Marshall v. Rawlings Co., LLC, No. 3:14-CV-359-TBR, 2018 WL 3028574 (W.D. Ky. Jun. 18, 2018).

After reviewing the relevant cases, the undersigned finds it reasonable for Lebanon, KY, local rates to be within the range of $250 to $350 for attorneys with 20 to 30 years of experience and within the range of $350 to $385 for attorneys with over 30 years of experience.   Here, the undersigned finds it appropriate to take the median rate from the appropriate experience range and adjust for change over time using the CPI index calculator to determine the reasonable hourly rate for Mr. Mattingly.   Accordingly, the undersigned finds the following rates reasonable:

| Year | OSM Years of Experience Range | Awarded Hourly Rate |
|---|---|---|
| 2010 | 20-30 | $287.5 |
| 2011 | 20-30 | $296.58 |
| 2014 | 20-30 | $312.13 |
| 2015 | 20-30 | $312.50 |
| 2016 | 20-30 | $316.44 |

| 2017 | 31+ | $367.50 |
| --- | --- | --- |
| 2018 | 31+ | $376.48 |
| 2019 | 31+ | $381.12 |

These rate adjustments result in a **deduction of $4,504.74** of the total attorneys' fees award. After reviewing the billing records, the undersigned finds the hours billed reasonable. The undersigned also finds the attorneys' costs requested reasonable. Petitioner did not incur any personal costs related to the litigation of this case.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. The undersigned awards **$32,365.80**, representing $31,915.80 in attorneys' fees and $450.00 in attorneys' costs, in the form of a check made payable jointly to petitioner and Mattingly and Nally-Martin, PLLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**


Dated: May 6, 2019                                         /s/ Laura D. Millman
                                                                      Laura D. Millman
                                                                      Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.